**Parminder KAUR, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 97–71309.
INS No. A72–159–017.

United States Court of Appeals,
Ninth Circuit.

Submitted May 30, 2001.*

Decided Sept. 10, 2001.

Before WALLACE, SNEED, and SKOPIL, Circuit Judges.

## MEMORANDUM **

Parminder Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of her request for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),*** and we deny the petition for review.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*** The transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) govern judicial review of Kaur's petition because deportation proceedings were pending against her prior to IIRIRA's effective date. *See Alfaro–Reyes v. INS,* 224 F.3d 916, 920 (9th Cir.2000) (citing IIRI-

## DISCUSSION

Kaur may establish her eligibility for asylum by showing that she is "unable or unwilling to return to [her] home country because of persecution or a well-founded fear of persecution on account of ... political opinion." *See Zahedi v. INS*, 222 F.3d 1157, 1162 (9th Cir.2000) (internal quotations omitted). She may do so by presenting "credible, direct, and specific evidence [demonstrating] an objectively reasonable basis for the claimed fear of persecution." *See Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999). Both the IJ and the BIA found that Kaur's testimony was not credible. Most notably, both found that although Kaur claimed to have been persecuted for her activity in the All–India Sikh Student Federation (AISSF), she could not articulate the group's goals or recall that the AISSF had vigorously boycotted a national election.

Our task is to determine whether the adverse credibility finding is supported by "specific and cogent reasons" that are "substantial and ... bear a legitimate nexus to the finding." *See Zahedi*, 222 F.3d at 1166. Minor inconsistencies in the record are insufficient. *See id.* at 1166–67. In this case, however, the inconsistencies are not minor, but rather "go to the heart of [Kaur's] asylum application." *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000). Moreover, both the BIA and the IJ gave specific and cogent reasons for questioning Kaur's credibility. Accordingly, we conclude that the record provides substantial evidence to support the adverse credibility determination. Because Kaur failed to establish her eligibility for asylum, she also fails to meet the higher burden required to demonstrate eligibility for withholding of

RA § 309(c)). Those rules provide, with exceptions not applicable here, that review shall proceed under former 8 U.S.C. § 1105a. *See*

deportation. *See Fisher v. INS*, 79 F.3d 955, 965 (9th Cir.1996) (en banc).

### PETITION FOR REVIEW DENIED.

*Zahedi v. INS*, 222 F.3d 1157, 1160 (9th Cir. 2000).